UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

KINJURM ALLEN,
    Defendant.

Criminal No. 15-00107 (CKK)

## MEMORANDUM OPINION
(October 29, 2018)

Defendant Kinjurm Allen ("Defendant" or "Mr. Allen") is presently serving a sentence of 87 months imprisonment, with credit for time served, followed by supervised release for 60 months, after having entered a guilty plea to one count of Conspiracy to Distribute and Possession with Intent to Distribute 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP) and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iv), (b)(1)(B)(iii) and 846. *See* December 11, 2015 Judgment, ECF No. 14. Mr. Allen filed a Letter, ECF No. 18, with an attached [18-1] *Pro Se* Motion Requesting Judicial Recommendation for 12 Months RRC Placement pursuant to 18 U.S.C. § 3621(b)(4). Mr. Allen asks this Court to recommend a longer residential reentry center ("RRC") placement in connection with the conclusion of his incarceration. The Government filed its [21] Opposition to Mr. Allen's motion.[1] Defendant did not reply to the Government's opposition.

---

[1] The Defendant's letter accompanying his motion states that he "took the RDAP program, and it was decided that [he] wasn't able to receive the year off for it." Letter, ECF No. 18. The Government points out however that Defendant's Motion states that his projected release date *after receiving credit for one year off from his sentence* would be June 12, 2021, and that date is consistent with the sentence monitoring computation date provided with Defendant's motion. Gov't Opp'n at 2 n.2. The Court notes that Defendant's Motion does not address the length of his sentence, but rather, it requests additional RRC placement.

1

Pursuant to 18 U.S.C. § 3624(c)(1):

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Defendant is currently housed at the Federal Correctional Institution Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, and he requests that this Court provide a recommendation to the Bureau of Prisons ("BOP") "to grant the petitioner the maximum time available under the Second Chance Act, not to exceed 12 months, under an allotment of 6 months halfway house and 6 months home confinement or any combination hereof satisfactory to the BOP." Def.'s Mot. at 4. Defendant's projected release date is June 12, 2021, and "BOP has scheduled defendant's transfer to a halfway house on December 12, 2020, six months in advance of his projected release date." Govt. Opp'n. at 3. Defendant's request for a judicial recommendation for a longer RRC placement is premised on his general assertion that a longer placement will facilitate his transition back to society. Furthermore, Defendant has "attached a copy of his BOP educational records so the Court can see the petitioner's extensive educational and vocational achievements while serving his sentence." Def.'s Mot. at 4.

Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of . . . imprisonment" of a person committed to BOP custody, and while a sentencing court may "recommend[ ]" a particular "type of penal or correctional facility," such a recommendation has "no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of [any] person." The Government acknowledges that Section 3624(c)(1) does provide for up to twelve months of halfway house placement but asserts that six months of placement is presumptively sufficient. *See Bernard v. Roal*, 716 F. Supp. 2d 354, 359-60 (S.D.N.Y. 2010) (examining two

2

memoranda originating from the BOP which support a six-month placement unless the BOP determines otherwise and conditioning approval of placement beyond six months on a showing of an inmate's "extraordinary and compelling re-entry needs"). In *Bernard*, the court noted the discretion afforded to the BOP to determine the length of re-entry placement under the Second Chance Act. *Id.* at 359.

A prisoner who believes that he is entitled to receive more than six months in a halfway house generally needs to first exhaust his administrative remedies, and then, if necessary, bring a habeas petition in the district where he is incarcerated. *See Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (Because the prisoner "asked the District Court to direct the BOP to provide him with the maximum 12-month RRC placement . . . , he was not merely challenging the construction of the Second Chance Act, or the BOP's implementation of the Federal prisoner reentry initiative [and so] [e]xhaustion was required . . . ."); *see also Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010) (affirming the district court's dismissal of a prisoner's habeas petition, which challenged the BOP's denials of transfers to lower-security facilities pursuant to the Second Chance Act, for failure to exhaust administrative remedies). In *Vasquez*, the prisoner's habeas petition was dismissed for his failure to exhaust administrative remedies, and the court indicated further that the petition lacked merit because there was no abuse of discretion by BOP. *Vasquez*, 684 F.3d at 434. In the instant case, the Court has no information as to whether Mr. Allen has attempted to exhaust his administrative remedies and/or filed a habeas petition in the district where he is incarcerated. Mr. Allen's Motion requesting a Judicial Recommendation makes no mention of any attempt to exhaust administrative remedies, nor did Defendant reply to the Government's Opposition, which informs the Defendant that prisoners must generally follow these steps to challenge a decision by the BOP.

The Government asserts that even if the Court were to consider the merits of Mr. Crawford's request, "the defendant has shown no reason why he should be considered the rare prisoner who should receive 12 months in a halfway house" as "concerns such as housing, employment, and transportation are the same for all inmates who are being released from prison." Govt. Opp'n at 3-4; *see Vasquez*, 684 F. 3d at 434 (the BOP did not abuse its discretion in reaching a determination that a 5 to 6-month placement —as opposed to the requested 12-month placement — was of sufficient duration after considering the factors set forth in Section 3621(b)). In the instant case, Mr. Allen has not demonstrated that he has exhausted his administrative remedies regarding the BOP decision nor has he proffered compelling reasons for this Court to recommend a placement over and above what has been proposed by the Bureau of Prisons, and thus, no advisory recommendation by this Court is forthcoming and the Defendant's [18-1] *Pro Se* Motion Requesting a Judicial Recommendation is DENIED.

A separate Order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge