UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Criminal No. 15-00107 (CKK) |
| KINJURM ALLEN, Defendant. | |

## MEMORANDUM OPINION
(December 7, 2018)

Defendant Kinjurm Allen ("Defendant" or "Mr. Allen") is presently serving a sentence of 87 months imprisonment, with credit for time served, followed by supervised release for 60 months, after having entered a guilty plea to one count of Conspiracy to Distribute and Possession with Intent to Distribute 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP) and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iv), (b)(1)(B)(iii) and 846. *See* December 11, 2015 Judgment, ECF No. 14. In August 2018, Mr. Allen filed a Letter, ECF No. 18, with an attached *Pro Se* Motion Requesting [a] Judicial Recommendation for 12 Months RRC [Residential Reentry Center] Placement pursuant to 18 U.S.C. § 3621(b)(4). The Government filed its [21] Opposition to Defendant's motion. No reply was received by Mr. Allen until after this Court issued its [23] Memorandum Opinion and [22] Order in October 2018. In November 2018, Mr. Allen submitted the instant [24] Motion for Reconsideration of Request for Judicial Recommendation and the Court received a copy of his [25] Reply to the Government's Opposition to Defendant's *Pro Se* Motion. This Court granted Mr. Allen leave to file the Motion for Reconsideration and the Reply.

Defendant's Motion for Reconsideration notes that "Defendant had submitted a reply

1

noting the errors contained in the Government's memorandum pertaining to Defendant's projected release date, qualification for home confinement and eligibility for RDAP credit." Def.'s Mot. for Reconsideration, ECF No. 24, at 1. Because Mr. Allen is *pro se* and incarcerated, it is unclear whether the Reply— recently received by this Court but undated and containing no certificate of service — was previously mailed to the Court. Accordingly, assuming *arguendo* that the Reply was previously timely mailed, the Court will consider it in the context of Defendant's Motion for Reconsideration. Upon review of the record and for the reasons explained below, the Court DENIES Defendant's Motion for Reconsideration.[1]

The issue underlying Defendant's *Pro Se* Motion and his Motion for Reconsideration is his request that this Court provide a judicial recommendation for 12 months RRC placement. Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment" and will consider a recommendation by the sentencing court of the "type of penal or correctional facility." 18 U.S.C. §3621(b) & (b)(4). Ultimately, the BOP not only designates the place of imprisonment but also "direct[s] the transfer of a prisoner from one penal or correctional facility to another[.]" 18 U.S.C. Section 3621(b). While a sentencing court may make a "recommendation . . . that a convicted person serve a term of imprisonment in a community corrections facility" such recommendation has "no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of [any] person." *Id.*

Accordingly, it is within a court's discretion to make a recommendation for a prisoner's placement at a penal or correctional facility. In this case, the Court made the following

---

[1] In connection with this Opinion, the Court considered the following documents: Defendant's Letter, ECF No. 18, with the attached *Pro Se* Motion Requesting Judicial Recommendation for 12 Months RRC placement Pursuant to 18 U.S.C. § 3621(b)(4), ECF No. 18-1; the Government's Opposition to Defendant's *Pro Se* Motion; Defendant's Reply, ECF No. 25; and Defendant's Motion for Reconsideration, ECF No. 24.

2

recommendations to the BOP in its [14] Judgment: "That Defendant participate in the drug treatment program. That Defendant's sentence be served near the Baltimore area." Mr. Allen is currently incarcerated at the Federal Correctional Institution Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, with a full-term release date of April 13, 2022, and a projected release date of June 12, 2021, based on receipt of "good behavior credit." Def.'s Reply, ECF No. 25, at 1. Mr. Allen participated in the RDAP program, but he was "denied a 12-month reduction in his sentence for successfully completing RDAP." *Id.* Mr. Allen acknowledges that he "has not undertaken to exhaust his administrative remedies" regarding that BOP decision, but he indicates that he "does not seek to challenge. . . denial of RDAP sentencing credit." Def.'s Mot. For Reconsideration, ECF 24, at 2. Instead, Mr. Allen asks that "this Court make its non-binding recommendation to the BOP that it favorably consider granting Defendant up to 12 months of halfway house placement, with up to six of those twelve months consisting of home confinement, pursuant to this Court's statutory authority to make recommendations to the BOP under 18 U.S.C. § 3621(b)." Def.'s Mot. For Reconsideration, ECF No. 24, at 2.

The relevant statutory section providing guidance on the timing for a prisoner's reentry into the community is 18 U.S.C. Section 3624(c)(1), and it states that the Director of BOP "shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford [him] a reasonable opportunity to adjust to and prepare for the reentry . . . into the community[,]" which may "include a community correctional facility." 18 U.S.C. § 3624(c)(1). Furthermore, pursuant to 18 U.S.C. Section 3624(c)(2), a prisoner may be placed in home confinement for not more than the shorter of 10 percent of the term of imprisonment or six months. The Court notes that, in this case, Mr. Allen's "Home Detention Eligibility Date" is December 12, 2020, which is six months prior to his

3

projected release date. *See* Def's *Pro Se* Mot., ECF No. 18-1, Attachment A (Sentence Monitoring Computation Data). Defendant's Attachment A does not however reflect a date, prospective or otherwise, for Defendant's transfer to a community correctional facility. Nor does Mr. Allen "seek to challenge an administrative decision of the BOP concerning his halfway house placement." Def.'s Mot. For Reconsideration, ECF No. 24, at 2. Accordingly, the sole relief requested by Mr. Allen is that this Court issue a recommendation to BOP that Mr. Allen be given 12 months RRC placement.

Defendant's request for a judicial recommendation for a longer RRC placement is premised on his general assertion that a longer placement will facilitate his transition back to society. Defendant's Motion for Reconsideration reiterates his "compelling reasons" in support of this Court's issuance of a recommendation insofar as he "successfully completed RDAP[,]" and he has "submitted evidence of his vocational and educational accomplishments while being incarcerated" and further "demonstrated exemplary behavior." Def.'s Mot. For Reconsideration, ECF 24, at 3. Responding to these reasons proffered by Mr. Allen, the Government previously asserted that even if the Court were to consider the merits of Defendant's request, "the defendant has shown no reason why he should be considered the rare prisoner who should receive 12 months in a halfway house" as "concerns such as housing, employment, and transportation are the same for all inmates who are being released from prison." Govt. Opp'n at 3-4. While the Court commends Mr. Allen for having completed the RDAP program and for his vocational and educational accomplishments and his exemplary behavior, which warrants his receipt of 305 days of good behavior credit, the Court agrees with the Government that Defendant has not proffered any compelling reason for this Court to issue a judicial recommendation to the BOP at this point for a further reduction in Mr. Allen's sentence. Likewise, the Court is reluctant to make judicial recommendations of this sort when

there has been no contact between the Court and the Defendant since sentencing. Accordingly, no advisory recommendation is forthcoming and the Defendant's [24] Motion for Reconsideration is DENIED.

A separate Order accompanies this Memorandum Opinion.

                                            /s/ Colleen Kollar-Kotelly
                                            COLLEEN KOLLAR-KOTELLY
                                            UNITED STATES DISTRICT JUDGE